UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KELVIN LANEIL JAMES,

Plaintiff,

v.

LIBRARY OF CONGRESS,

Defendant.

Case No. 2:25-cv-02560-CDS-EJY

**ORDER**
**and**
**REPORT and RECOMMENDATION**

Pending before the Court are Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Complaint alleging the Library of Congress infringed on his copyright. ECF Nos. 1, 1-1. Plaintiff has not alleged facts sufficient to establish the elements of a claim for copyright infringement. Although this would typically prompt the Court to grant leave to amend, Plaintiff sues a single federal defendant, the Library of Congress that must be sued in the Court of Federal Claims. Thus, the Court recommends Plaintiff's Complaint be dismissed without prejudice, but without leave to amend in this Court. This allows Plaintiff to refile, if he so chooses, in the Court of Federal Claims.

**I.    Screening Standard**

When reviewing a complaint filed by a *pro se* plaintiff, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

That is, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying … [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    Discussion**

To state a claim for copyright infringement, generally, Plaintiff must establish "(1) ownership of a copyright, and (2) copying of protectable expression by Defendant." *Rearden LLC v. Walt Disney Co.*, 293 F.Supp.3d 963, 969 (N.D. Cal. 2018) (citing *Design Data Corp. v. Unigate Enter., Inc.*, 847 F.3d 1169, 1173 (9th Cir. 2017)). "To plead ownership, [a plaintiff] must plausibly allege it owns a valid copyright registration for its work." *Barnes v. T.V. Network*, Case No. 1:20-cv-01331-NONE-EPG (PC), 2020 WL 6342787, at *4 (E.D. Cal. Oct. 29, 2020), *report and recommendation adopted*, Case No. 1:20-cv-01331-NONE-EPG (PC), 2020 WL 7319367 (E.D. Cal. Dec. 11, 2020) (quoting *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir.

2

2019)). "A certificate of registration from the U.S. Copyright Office raises the presumption of copyright validity and ownership." *Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 988 (9th Cir. 2017) (citing *Micro Star v. Formgen Inc.*, 154 F.3d 1107, 1110 (9th Cir. 1998)).

Plaintiff says he owns a valid copyright to "the Magnet." ECF No. 1-1 at 2-3. However, Plaintiff has not submitted a certificate of registration or otherwise pleaded facts sufficient to support this ownership assertion. *See Signatours Corp. v. Hartford*, Case No. C14-1581RSM, 2015 WL 1058181, at *3 (W.D. Wash. Mar. 11, 2015) ("Plaintiff has provided no other proof of ownership, other than its bare allegation that it is the legal or beneficial owner of the copyright. This is not enough."). As to the second element, it is unclear how the Library of Congress supposedly interfered with Plaintiff's protected expression. Plaintiff must "plausibly allege facts indicating that someone other than himself—someone for whose actions the United States is liable under 28 U.S.C. § 1498(b)—copied elements of [Plaintiff's work] protectable under the Copyright Act." *Clark v. U.S.*, 632 Fed.Appx. 1027, 1031 (Fed. Cir. Nov. 25, 2015) (citation omitted). Plaintiff offers nothing more than the statement the "copyright infringement law [was] broken by the Library of Congress." ECF No. 1-1 at 2. In sum, Plaintiff's allegations are insufficient to state a *prima facie* claim for copyright infringement.

Again, while the Court in other circumstances might grant leave to amend, here, Plaintiff alleges a federal defendant infringed upon his copyright. Under 28 U.S.C. § 1498(b), copyright claims against the federal government *must* be brought in the Court of Federal Claims. *Zaccari v. Apprio, Inc.*, 390 F.Supp.3d 103, 110-11 (D.D.C. 2019) (emphasis added). The District of Nevada lacks jurisdiction over copyright infringement claims brought against the United States. *See Fowler v. T-Mobile USA Inc.*, Case No. CV-20-01516-PHX-DJH, 2021 WL 2474031, at *4 (D. Ariz. June 16, 2021) (citing *Jeter v. President of the United States*, 670 Fed.Appx. 493 (9th Cir. 2016)). Thus, even if Plaintiff were able to amend his Complaint to allege facts to support his ownership of a valid copyright and infringing conduct by the Library of Congress, this Court would lack jurisdiction to review his Complaint.

**III.    Order**

Accordingly, IT IS HEREBY ORDER that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

**IV.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be DISMISSED without prejudice and without leave to amend in the U.S. District Court for the District of Nevada.  This dismissal allows Plaintiff to bring a claim alleging copyright infringement against the Library of Congress, if he so chooses, in the Court of Federal Claims.

Dated this 30th day of June, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).